IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADDIE L. MCNAIR,

   Plaintiff,

 v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

   Defendant.

CV 05-1897-TC

OPINION AND ORDER

COFFIN, Magistrate Judge:

### INTRODUCTION

Plaintiff Addie McNair brings this action for judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits (DIB) and supplemental security income payments (SSI) under Titles II and XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Rule

1 - OPINION AND ORDER

73, Fed. R. Civ. P., and 28 U.S.C. § 636(c). The Commissioner's decision is affirmed and the case is dismissed.

## BACKGROUND

McNair was born April 20, 1957. She earned a high school equivalency diploma and worked as a cashier/checker, personal attendant, deli worker, general clerk, fast food worker, claims processor, nurse's aide and pizza maker. McNair alleges her ability to work is limited by back pain, aches and pains, mental illnesses, nightmares, sleeplessness, foot problems and hepatitis C. She alleges that she became unable to work on May 15, 2002.

The ALJ found that McNair's ability to work is limited by degenerative disc disease of the lumbar spine, borderline intellectual functioning by history, adjustment disorder with depression, and opioid, cannabis and cocaine abuse and dependence. The ALJ determined that McNair retained the residual functional capacity (RFC) to perform a range of light work as defined by the regulations, narrowed by the following non-exertional limitations:

> She is unable to climb ladders, ropes or scaffolds. She is limited to occasionally climb ramps and stairs. She is restricted to occasionally balance, stoop, kneel, crawl and crouch. She must avoid hazards (machinery, heights, etc.) She is limited to simple 1-2-3 steps work. She should have limited (brief and structured) interaction with the general public.

Tr. 23.[1]

The ALJ found that these limitations did not prevent McNair from performing her past work as a cashier/checker, deli worker, general clerk and fast food cashier. In the alternative, the ALJ found that McNair's RFC did not preclude other work in the national economy.

---

[1]Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer.

2 - OPINION AND ORDER

## **DISCUSSION**

McNair challenges the Commissioner's final decision on four grounds. First, McNair contends the ALJ erred at step two of the regulatory decision-making process by failing to identify all of her impairments that are severe within the meaning of the regulations. Second, she contends the ALJ erred at step three by inadequately analyzing whether her combined impairments are medically equal to one or more presumptively disabling conditions in the Listing of Impairments. Third, McNair asserts that the ALJ evaluated her residual functional capacity improperly because he did not consider all of her impairments in combination. Fourth, she contends the ALJ erroneously concluded that she could return to her past work without establishing that the past work was relevant.

### I.     Severe Impairments

At step two of the sequential evaluation, the claimant must show that she has a severe impairment or combination of impairments. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). She must show that her medical condition has more than a minimal effect on her ability to do basic work activities. If she cannot meet this *de minimis* burden, the Commissioner will find her "not disabled" without continuing to the remaining steps in the decision-making sequence. 20 C.F.R. §§ 404.1520(c), 416.920(c); SSR 85-28.

McNair claims the ALJ erred by failing to find her heart condition, edema, degeneration in the thoracic spine and obesity individually "severe" within the meaning of step two. McNair's argument fails to show an error at step two because the ALJ did not deny her claim at step two. Instead, he found that she surmounted the *de minimis* severity screening by showing she has a combination of impairments that limits her ability to perform basic work activities. The ALJ properly continued to the remaining steps of the sequential decision-making process.

3 - OPINION AND ORDER

The remaining issue is whether the ALJ properly considered all functional limitations attributable to her heart condition, edema, thoracic degenerative disc disease and obesity in performing the subsequent steps of his decision. If a claimant surmounts the *de minimus* severity requirement of step two, the regulations require the ALJ to consider the functional limitations from all medically determinable impairments in the remaining steps of the sequential evaluation process. 20 C.F.R. §§ 404.1523, 416.923.

The ALJ acknowledged that x-ray films from July 10, 2002, showed borderline heart size, moderate findings of congestive heart failure, pulmonary vascular congestion, a soft tissue density suggestive of a right aortic arch and evidence of osteophyte formation in the thoracic spine. On July 16, 2002, an echocardiogram showed that her heart function was grossly normal, with borderline mild diastolic dysfunction in the left ventricle and mildly elevated estimated pulmonary pressure. On August 5, 2002, repeat chest x-rays confirmed that McNair had a right-sided aortic arch, which is anatomically abnormal, but there was no indication of functional impact. She had no pulmonary edema and no further study was indicated unless she experienced cardiac symptoms such as shortness of breath or wheezing.

McNair next reported heart symptoms on October 20, 2004, when she indicated that her heart felt like it was racing. She declined a recommended follow-up study on a Holter monitor. The ALJ could reasonably conclude from this record that McNair did not present evidence of ongoing functional limitations from a heart condition.

McNair presented evidence of intermittent edema in the lower legs and feet, apparently related to her infrequent congestive heart condition. In May 2002, she was treated for three days of swelling in the legs and feet. In July 2002, McNair reported moderate swelling in the lower legs for

about four or five days, exacerbated by walking. She was treated with a diuretic medication and told to elevate her feet when necessary. In September she reported that the swelling had resolved. In December 2002, McNair reported another recent onset of swelling in the feet and legs but declined treatment.

There is no record that McNair experienced edema again until February 18, 2005, when she reported a new recent onset that was already resolving. Again, McNair declined recommended monitoring and failed to appear for a cardiology referral. The ALJ could reasonably conclude that this record failed to show significant ongoing functional limitations from edema.

McNair claims the ALJ erroneously failed to find severe functional limitations from degenerative disc disease of the thoracic spine. The record does not include a diagnosis of degenerative disc disease in the thoracic region of the spine. One x-ray study of the lumbar spine in July 2002 included a peripheral finding of osteophyte formation in the thoracic spine. McNair did not report symptoms in this region of the spine. No medical provider made clinical findings of any functional limitation related to this region of spine. No one found further study warranted. The ALJ could reasonably conclude that this record failed to show functional limitations from degenerative disc disease in the thoracic region of the spine.

McNair claims the ALJ erroneously overlooked her obesity. There is no evidence in the record to support the claim that obesity contributed to her functional limitations. No medical provider made such findings and McNair herself did not report functional deficits from obesity. The ALJ could reasonably conclude from the absence of evidence that McNair failed to prove functional limitations related to obesity.

To summarize, the court finds no error in the ALJ's conclusion that heart disease, edema, degenerative disc disease of the thoracic spine and obesity were not severe impairments within the meaning of the regulations and did not cause functional limitations in addition to those described in the RFC assessment. McNair failed to carry the burden of proof with respect to any impairments resulting from those conditions. The ALJ's interpretation of the evidence is reasonable and will not be disturbed. *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## II.  Listing of Impairments

If a claimant's impairments are equivalent to "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity," then the claimant is presumed to be disabled at step three of the decision-making process and the ALJ need not complete the remaining steps. *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(d), 416.920(d).. The criteria for these listed impairments are enumerated and categorized by body system in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments).

McNair asserts that the ALJ performed an inadequate analysis of whether her combined impairments were medically equal to one or more unspecified listed impairments.

A claimant has the burden of establishing that her combined impairments are medically equivalent to a listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); 20 C.F.R. §§ 404.1526, 416.926. A finding of equivalence must be based on medical evidence only. *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001); 20 C.F.R. §§ 404.1529(d)(3), 416.929(d)(3).

The claimant must offer some theory as to how her impairments combine to equal a listed impairment. *Lewis v. Apfel*, 236 F.3d at 514. An ALJ is not required to discuss the combined effects

6 - OPINION AND ORDER

of a claimant's impairments or compare them to the criteria for a listed impairment, unless the claimant presents evidence in an effort to establish equivalence, *Id., Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

McNair has offered no theory, plausible or otherwise, as to how her impairments combine to medically equal a listed impairment. She has not even specified which of the dozens of conditions in the Listing of Impairments she believes the ALJ should have considered, much less presented medical evidence of equivalence with specific criteria. Accordingly, the ALJ did not err in concluding that her impairments do not combine to equal a listed impairment.

### III.   RFC Assessment

If the decision-making process continues past step three, the ALJ must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by her impairments. In assessing a claimant's RFC, the ALJ must consider the effects of all impairments, whether severe or non-severe. 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p.

McNair contends the ALJ failed to consider the effects of her non-severe carpal tunnel syndrome and chronic obstructive pulmonary disease (COPD) in combination with her other impairments. The ALJ fully considered all the evidence McNair presented in support of both conditions. He concluded that neither condition was supported by objective evidence obtained by medically accepted diagnostic techniques. He noted the absence of evidence that McNair experienced functional limitations from these conditions, including the absence of testimony from McNair to that effect.

McNair fails to identify functional limitations attributable to or exacerbated by carpal tunnel syndrome or COPD. The ALJ considered all the evidence of functional limitations and reached reasonable conclusions that are supported by the record. By considering all the evidence of functional limitations, the ALJ considered all the evidence of functional limitations flowing from carpal tunnel syndrome and COPD and from the combination of all impairments. McNair's failure to point to evidence of additional functional limitations satisfies the court that her argument cannot be sustained.

### IV.  Past Relevant Work

A claimant is not disabled if the ALJ determines at step four of the decision-making process that she retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ concluded that McNair retained the RFC to perform her past work as a cashier/checker, deli worker, general clerk and fast food cashier.

McNair does not claim to be incapable of performing the four jobs. She asserts only that there is no evidence that these past jobs met the regulatory definition of past relevant work. Past relevant work is work done within the past 15 years, that is substantial gainful activity, and that lasted long enough for a person to learn to do it. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).

McNair submitted four work history reports which describe the dates, compensation and duration of her past jobs. A vocational expert reviewed the work history reports and identified her past jobs of cashier/checker, deli worker, general clerk and fast food cashier as past relevant work. Accordingly, the ALJ's finding at step four that McNair can perform her past relevant work is supported by substantial evidence.

Although the ALJ concluded at step four that McNair was not disabled, he continued to step five and made alternative findings. Even if a claimant is unable to perform past relevant work, she cannot be found disabled if she can perform other work in the national economy. The Commissioner has the burden of showing that suitable work exists in significant numbers in the national economy. *Andrews v. Shalala*, 53 F.3d at 1043.

The ALJ made alternative findings that McNair retained the RFC to perform the basic work activities required in the occupations of office helper and toll collector. McNair asserts that she has no transferrable skills. There is no issue regarding transferrable skills here, because the vocational expert identified office helper and toll collector as unskilled occupations.

McNair also claims the occupation of office helper would be unsuitable because she must elevate her legs due to edema. McNair's physician advised her to elevate her legs as needed during discrete episodes of edema. As described previously, the episodes were infrequent and relatively brief. The ALJ found no ongoing functional limitation from edema and no support for an ongoing need to elevate her legs. He was not required to incorporate limitations into his RFC assessment that were not supported by the record. *Batson v. Commissioner*, 359 F3d 1190, 1197-98 (9th Cir 2004).

Furthermore, McNair offers no evidence or argument that she is unable to perform the work activities required of a toll collector. The ALJ found that this occupation was within McNair's RFC and exists in significant numbers in the national economy. These unchallenged alternative findings are supported by substantial evidence.

The ALJ's finding that McNair could return to past relevant work and his alternative finding that she could perform other work in the national economy are free of legal error and supported by substantial evidence. Accordingly, they must be sustained.

## **ORDER**

Based on the foregoing, the ALJ's determination was based on proper legal standards and supported by substantial evidence. The Commissioner's final decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 27 day of February, 2007.

Thomas M. Coffin
United States Magistrate Judge